UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Alfredo Rosillo,

        Plaintiff,

v.

Matt Holten and Jeff Ellis,

        Defendants.

No. 13-cv-1940 (JNE/SER)
ORDER

      Plaintiff Alfredo Rosillo has brought this action under 42 U.S.C. § 1983 against Austin, Minnesota police officer Matt Holten and Mower County Sheriff's deputy Jeff Ellis. The matter is currently before the Court on Holten's motion for summary judgment. For the reasons discussed below, the motion is granted and Holten is dismissed from the case.

**Background**

      The events giving rise to this lawsuit occurred in June of 2011, following an incident at the home of Rosillo's girlfriend in Austin, Minnesota. Rosillo concedes that he was present, but admits to no wrongdoing. That position is at odds with the Minnesota criminal courts' determination that Rosillo "assaulted his girlfriend, broke into her home, assaulted her again and stole money from her purse, and fled on foot while tossing bags of methamphetamine into a neighbor's yard." *State v. Rosillo*, No. A13-0502, 2014 WL 1660641, at *1 (Minn. Ct. App. Apr. 28, 2014), *review denied* (July 15, 2014).

      Nevertheless, it is undisputed here that, when the police were called, Rosillo ran away from the home and through a swampy area before stopping several blocks away and lying down in a field covered with waist-high grass.

1

Austin police officer Holten and Mower County Sheriff's Deputy Ellis were dispatched to apprehend Rosillo. Accompanied by Holten's police dog, Ghost, the officers tracked Rosillo to the field where he lay and proceeded to take him into custody. Rosillo alleges that, in doing so, the officers used excessive force, which they deny.

Following his arrest, Rosillo was tried and convicted of domestic assault, first-degree burglary, first-degree aggravated robbery, and fifth-degree possession of methamphetamine, while being acquitted of several other charges. *Id.* at *2. He was sentenced to 240 months' imprisonment. *Id.*

Several months later, Rosillo filed this civil action under 42 U.S.C. § 1983, asserting in a single-count Complaint that, during the arrest, Holten and Ellis "separately and in concert, under the color of state law, knowingly and willfully deprived [him] of his clearly established and well settled civil rights to due process and to be free from an unreasonable K9 attack, prolonged K9 biting, use of excessive, unreasonable force and unreasonable seizure."

Holten's motion for summary judgment has now followed.

## **Discussion**

Under Federal Rule of Civil Procedure 56(a), summary judgment is warranted if Holten "shows that there is no genuine dispute as to any material fact and [he] is entitled to judgment as a matter of law." In this procedural posture, the facts are viewed in the light most favorable to Rosillo, and all reasonable inferences from those facts are drawn in his favor. *E.g., Chambers v. Pennycook*, 641 F.3d 898, 904 (8th Cir. 2011).

With his motion, Holten argues that he should be dismissed from this case for either of two reasons: first, Rosillo has sued him only in his official capacity, but has no evidence to

sustain such a claim; and second, even if Rosillo's Complaint is construed to include an individual capacity claim against Holten, he is entitled to qualified immunity.

The first point is determinative.

### I. Official v. individual capacity.

The threshold issue presented by the motion is whether Rosillo has asserted his § 1983 claim against Holten in either his official or individual capacity (or perhaps both). Holten argues that Rosillo has sued him in his official capacity only, while Rosillo contends that he has sued Holten in his individual capacity only. Holten has the better of this dispute.

"[T]he distinction between official-capacity suits and personal-capacity suits is more than a mere pleading device." *Hafer v. Melo*, 502 U.S. 21, 27 (1991) (quotation omitted). A § 1983 claim against a public official in his official capacity is qualitatively different than one arising from the same set of facts and asserted against the same official in his individual capacity: the former is "functionally equivalent to a suit against the employing governmental entity," while the latter is a claim against the official personally. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). "For many reasons, including exposure to individual damage liability and [the availability of different] immunity [defenses], these are different causes of action." *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007).

As a result, the Eighth Circuit has for decades required a plaintiff intending to sue a public official in his individual capacity to say so explicitly in his pleadings:

> [T]his court has often considered [whether] a plaintiff [has] properly asserted § 1983 claims against a public official acting in his individual capacity. We have repeatedly stated the general rule: "If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, we interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *see Nix. v. Norman,* 879 F.2d 429, 431 (8th Cir.

3

> 1989). "If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." *Artis v. Francis Howell N. Band Booster Ass'n, Inc.,* 161 F.3d 1178, 1182 (8th Cir. 1998). . . .
>
> [O]ur cases require more than ambiguous pleading. *See Andrus ex rel. Andrus v. Arkansas,* 197 F.3d 953, 955 (8th Cir. 1999) ("specific pleading of individual capacity is required"); *Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999) ("only an express statement that [public officials] are being sued in their individual capacity will suffice"); *Murphy v. State of Arkansas,* 127 F.3d 750, 754 (8th Cir. 1997) ("a clear statement that officials are being sued in their personal capacities" is required). A "cryptic hint" in plaintiff's complaint is not sufficient. *Egerdahl,* 72 F.3d at 620.

*Id.*

Nowhere in his Complaint does Rosillo specifically, expressly, or clearly state that he is suing Holten in his individual capacity. Neither, for that matter, does Rosillo state in the Complaint that he is suing Holten in his official capacity. In light of the precedent above, this silence is all that need to be noted.

Nevertheless, it is worth considering that, though the Complaint lacks an express statement as to Holten's capacity, it was in other ways sufficient to put Holten on notice that Rosillo intended to sue him in his individual capacity, either solely or in conjunction with an official capacity claim. For instance, Rosillo alleges in his Complaint that "[p]unitive damages are available against [Holten]," which would be true only if he was sued in his individual capacity. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1982) (holding "that a municipality is immune from punitive damages under 42 U.S.C. § 1983"). What's more, in answering Rosillo's Complaint, Holten himself asserted the defense of qualified immunity, which would be relevant only if he were sued in his individual capacity. *See Owen v. City of Independence, Mo.*, 445 U.S. 622, 650 (1980) (holding that, under § 1983, municipalities are not entitled to "qualified immunity based on the good faith of their officers"). And in fact, Holten has argued his qualified immunity defense here as an alternative basis for summary judgment.

4

Even this, however, affords no basis for overlooking Rosillo's failure to specifically assert his § 1983 claim against Holten in his individual capacity in the Complaint. The Eighth Circuit has emphasized that its requirement of express pleading of individual capacity claims is strict,[1] in contrast with the "more lenient" and flexible § 1983 pleading rules that prevail in other circuits. *Murphy v. State of Ark.*, 127 F.3d 750, 755 (8th Cir. 1997). *See also Baker*, 501 F.3d at 924 n.2 (explaining that the "flexible approach" to pleading individual capacity claims urged on the panel by the plaintiff is foreclosed by circuit precedent and therefore may only be adopted by the court sitting en banc).

Consistent with this strict approach to pleading, the Eighth Circuit has found that a complaint did not state an individual capacity claim under § 1983 even where its "substantive paragraphs included a reference to [the defendants] as 'individual Defendants' and [the plaintiff] prayed for 'exemplary damages' that may not be recovered in an official capacity suit." *Id.* at

---

[1] The Eighth Circuit's strict pleading rule was born both of a concern that defendants receive clear notice of the claims against them and of jurisprudence establishing that "[t]he Eleventh Amendment presents a jurisdictional limit on federal courts in civil rights cases against states and their employees." *Murphy*, 127 F.3d at 755 (quoting *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989)).

The rule, having been established, applies equally to § 1983 complaints against county and municipal officials, where the Eleventh Amendment is not implicated. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977) ("The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances, . . . but does not extend to counties and similar municipal corporations.") (citations omitted). *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (applying pleading rule and finding that complaint included claim against county sheriff only in his official capacity); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) (applying pleading rule and finding that complaint included claim against school district band director only in his official capacity); *D.E.S. v. Kohrs*, 187 F.3d 641, 641 (8th Cir. 1999) (unpublished) (applying pleading rule sua sponte to complaint against city detective and finding that it "failed to state an individual capacity claim," even where "both parties and the district court construed the 1983 suit as against [the defendant] in his individual capacity"). *See also Baker*, 501 F.3d at 926-27 (Gruender, J., concurring in part and dissenting in part) (discussing basis of circuit precedent establishing "bright-line presumption" against individual capacity claim where it is not expressly pled).

924. The Eighth Circuit has also determined that a "district court erred in excusing [the plaintiff's] failure to clearly assert personal capacity claims in his initial complaint" based on a conclusion that the defendants otherwise had adequate notice that the plaintiff intended the claims as such. *Murphy*, 127 F.3d at 754-55.

Precedent therefore dictates that Rosillo's Complaint, which contains no express statement as to the capacity in which Holten was sued, be interpreted to assert only an official capacity claim against him.

## II. Municipal liability.

Consequently, Rosillo's § 1983 claim against Holten is effectively a claim against the government entity that employs him, the City of Austin. *See Johnson*, 172 F.3d at 535 ("A suit against a public employee in his or her official capacity is merely a suit against the public employer."). To establish Austin's liability, Rosillo bears the burden of proving both that Holten violated his constitutional rights and that the city is at fault for that violation. *Veatch*, 627 F.3d at 1257. Rosillo may meet this burden by showing that Holten committed a constitutional violation that "resulted from (1) an 'official municipal policy,' . . . (2) an unofficial 'custom,' . . . or (3) a deliberately indifferent failure to train or supervise . . . ." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978) and *City of Canton, Ohio v. Harris,* 489 U.S. 378, 388 (1989)).

Rosillo argues that he has sufficient evidence to sustain his allegation that Holten violated his constitutional rights during the arrest. But even were that the case, Rosillo makes no attempt at all to establish the requisite link between that alleged violation and any policy, custom, action, or inaction on the part of the City of Austin.

Summary judgment for Holten is therefore proper on the official capacity claim that Rosillo pled against him.

### III.   Amendment of pleadings.

In his memorandum in opposition to Holten's motion, Rosillo writes: "If this Court perceives Plaintiff's Complaint as a claim against Holten's employer, I request an Order that Holten is sued in his individual capacity, while he was acting under the color of law." The Court understands Rosillo thus to be seeking leave to amend his Complaint to add a claim against Holten in his individual capacity.

As an initial matter, Rosillo has not complied with the District of Minnesota's Local Rule 15.1, which requires a party seeking leave to amend to submit a motion to that effect, accompanied by the proposed amended pleading. Furthermore, the Eighth Circuit has held "that granting leave to amend a complaint where the plaintiff has not submitted a proposed amendment is inappropriate." *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (citing *Wolgin v. Simon*, 722 F.2d 389, 394 (8th Cir. 1983)). Nevertheless, the change that Rosillo proposes to make to the Complaint – adding the requisite statement expressly naming Holten as a defendant in his individual capacity – is not a mystery here.

Rosillo's failure to justify that amendment at this stage of the litigation, however, is of far more significance. The Scheduling Order entered in this case set a deadline of April 1, 2014 for filing "all motions which seek to amend the pleadings to add claims . . . ." Rosillo's request to amend appears in his summary judgment briefing, filed more than seven months after that deadline expired. Consequently, leave to amend may only be granted in accordance with Federal Rule of Civil Procedure 16(b), under which "[a] schedule may be modified only for good cause

and with the judge's consent." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). Yet Rosillo – who is represented by counsel here – has made no effort to demonstrate good cause for amending his Complaint at this late stage. His request should therefore be denied. *See Harris v. FedEx Nat. LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014) ("A district court acts 'within its discretion' in denying a motion to amend which made no attempt to show good cause.") (citations omitted).

Even looking past Rosillo's failure to support his request, the only possible justification for a late amendment that can be gleaned from Rosillo's submissions is that he believed from the start that he had properly pled an individual capacity claim against Holten, and therefore saw no reason to amend the pleadings within the deadline set by the Scheduling Order.

This does not satisfy the good cause standard. *See Schenk v. Chavis*, 259 F.App'x 905, 907 (8th Cir. 2008) (unpublished) (affirming denial of leave to amend based on conclusion "that the failure to recognize the need for amended claims at an earlier date did not constitute good cause to excuse the untimeliness of [the plaintiff's] motion to amend"). "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." *Rahn v. Hawkins,* 464 F.3d 813, 822 (8th Cir. 2006). And "[i]t hardly bears mention . . . that 'carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief'" under Rule 16(b). *N. Star Mut. Ins. Co. v. Zurich Ins. Co.*, 269 F.Supp.2d 1140, 1144 (D.Minn. 2003) (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)). "[T]he focus of Rule 16(b) [is] on the diligence of the party seeking to modify a Scheduling Order, as opposed to the litany of unpersuasive excuses, inclusive of inadvertence and neglect, which commonly undergird an untimely Motion to Amend." *Scheidecker v. Arvig Enterprises, Inc.*, 193 F.R.D. 630, 632 (D.Minn. 2000) (citations omitted).

Eighth Circuit precedent on pleading an individual capacity claim under § 1983 is clear and long-standing. Its straightforward requirement that a plaintiff expressly state in the pleadings his intention to sue the defendant in his individual capacity, though strict, is not onerous, and it certainly has not changed since this case began. There is no question that, had he been diligent, Rosillo could have recognized the deficiency in his Complaint and moved to amend it, either by adding or substituting an individual capacity claim against Holten, within the timeframe for doing so set by the Scheduling Order. In these circumstances, leave to amend out of time under Rule 16(b) is not available.[2] *See* Fed. R. Civ. P. 16(b), advisory committee note (1983 amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."); *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) ("Where there has been no change in the law, no newly discovered facts, or any other changed circumstance . . . after the scheduling deadline for amending pleadings, then we may conclude that the moving party has failed to show good cause.") (internal quotation omitted).

Rosillo's request to amend the Complaint is therefore denied, and Holten is dismissed from this action.

---

[2] Holten additionally opposes Rosillo's request to amend the Complaint by arguing that he would be prejudiced if Rosillo were allowed to add an individual capacity claim against him at this late juncture. The Court is inclined to disagree. Discovery may or may not have proceeded differently if the Complaint adequately alleged an individual capacity claim. As noted above, Holten asserted a qualified immunity defense in his Answer and has argued it here as an alternative basis for summary judgment.
Nevertheless, in a Rule 16(b) good cause analysis, a lack of prejudice to Holten does not undo the consequences of Rosillo's lack of diligence. *See Sherman*, 532 F.3d at 716 ("While the prejudice to the nonmovant resulting from modification of the scheduling order may . . . be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines.").

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant Holten's Motion for Summary Judgment [ECF No. 17] is GRANTED.

2. Defendant Holten is DISMISSED from this action.

Dated: December 23, 2014                     s/Joan N. Ericksen
                                             JOAN N. ERICKSEN
                                             United States District Judge